MEMORANDUM *
Eric Olsen, Kevin Swartz and Jason McBride (together Appellees) challenged *313 the constitutionality of 11 U.S.C. §§ 526-528.
1. Subsequent to the district court’s ruling that 11 U.S.C. § 526(a)(4) violated the First Amendment, the United States Supreme Court decided that 11 U.S.C. § 526(a)(4) is constitutional. See Milavetz, Gallop & Milavetz, P.A. v. United States, — U.S. -, 130 S.Ct. 1324, 1339, 176 L.Ed.2d 79 (2010). Milavetz requires reversal of the district court’s decision to the contrary. Although the Supreme Court only addressed the Fifth Amendment challenge, its reasoning applies equally to the First Amendment challenge.
2. As observed in Milavetz, 11 U.S.C. § 528 permits debt relief agencies to customize the required disclosure statement so long as it is “substantially similar” to the statement in the statute. Milavetz, 130 S.Ct. at 1341. Hence, McBride is not compelled to engage in false speech. Therefore, the district court’s decision to dismiss this claim is affirmed.
3. Because 11 U.S.C. §§ 526-528 caused Appellees to censor their advertisements, they had standing to bring a Fifth Amendment Due Process claim. See California Pro-Life Council, Inc. v. Getman, 328 F.3d 1088, 1094 (9th Cir.2003). However, Appellees’ vagueness argument under the Fifth Amendment is unpersuasive. As the parties acknowledged during oral argument, the challenged terms were widely used prior to the passage of 11 U.S.C. §§ 526-528. Additionally, “due process does not require ‘impossible standards of clarity.’ ” Information Providers’ Coalition for Defense of the First Amendment v. FCC, 928 F.2d 866, 874 (9th Cir.1991) (citation and internal quotation marks omitted). Therefore, the district court’s dismissal of this claim is also affirmed.
REVERSED in part and AFFIRMED in part. Each party is to bear its own costs on appeal.

 This disposition is not appropriate for publication and is not precedent except as provided *313 by 9th Cir. R. 36-3.